NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTIAN ADOLFO VILLA-HERNANDEZ, *Appellant.*

No. 1 CA-CR 24-0271

FILED 04-15-2025

Appeal from the Superior Court in Mohave County
No. S8015CR202101021
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zachary Law Group PLC, Mesa
By Jessica Zachary
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Vice Chief Judge Randall M. Howe joined.

---

**J A C O B S**, Judge:

¶1        Christian Adolfo Villa-Hernandez filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  His counsel has advised this Court that she found no arguable questions of law and asks us to search the record for fundamental error.  Villa-Hernandez had the opportunity to file a supplemental brief but has not done so.  Villa-Hernandez was convicted of Possession of Dangerous Drugs for Sale (Methamphetamine), Possession of Drug Paraphernalia (Methamphetamine), and Possession of Narcotic Drugs for Sale.  He was sentenced to a combined 14 years in prison.  After reviewing the record, we affirm Villa-Hernandez's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

¶2        In connection with an incident not relevant to this appeal, police executed a search warrant and searched Villa-Hernandez's home.  In total, police found 353 grams of methamphetamine and 421 acetaminophen/hydrocodone pills.  Officers also recovered Villa-Hernandez's cell phone.

¶3        In a black lockbox above the fridge, police found "five bundled clear plastic bags that contained white pills[,]" later confirmed to be hydrocodone.  The box also contained prescription bottles and "a folded-up piece of paper that had numbers written on it."  Villa-Hernandez testified the box was his and only he knew the combination to open it.

¶4        In a dresser in the primary bedroom, officers found a cigar box containing digital scales, plastic baggies, "small containers . . . [commonly used] to weigh illegal drugs[,]" and a "white crystalline substance[,]" later confirmed to be methamphetamine.  The box also contained two casino player's cards and a check with Villa-Hernandez's name on them.  Officers also found a fast food bag in the dresser containing

a white crystalline substance wrapped in painter's tape, later confirmed to be methamphetamine.

¶5        Officers also found a locked safe in the bedroom. Once unlocked, the officers found a freezer bag with "three individual tied-off bags containing a white crystalline substance . . . packaged in a manner consistent for sales." The substance was later confirmed to be methamphetamine. In a drawer next to the safe, officers found papers suspected to be pay/owe sheets.

¶6        Villa-Hernandez's cell phone contained text messages such as: "Hay this is Pam may i stop by to pick some pian things. 40 dollars worth. I'm rt next to u[;]" "Did you ever r e up[,]" to which Villa-Hernandez responded, "Sorry tomorrow" and then "ready to go in my hands[;]" and "Hey bro what's up got 5 s[,]" to which Villa-Hernandez responded "Yes[,]" "And 15 s[,]" and "Ok stop by[.]"

¶7        Officers arrested Villa-Hernandez after the search. The State charged him with six counts: (Count 1) Possession of Dangerous Drugs for Sale (Methamphetamine); (Count 2) Possession of Drug Paraphernalia (Methamphetamine); (Count 3) Possession of Narcotic Drugs for Sale; and three other unrelated charges that were later dismissed.

¶8        The State presented evidence of the recovered contraband and text messages at trial. Villa-Hernandez testified and argued the recovered contraband was not his. He alleged he had never seen the safe before the police arrived. He explained the messages and papers were related to sports betting, loans, energy drinks, and an affair.

¶9        The jury convicted Villa-Hernandez on all three counts and found proven the aggravating factor that Counts 1 and 3 were committed in consideration of pecuniary gain. The court sentenced Villa-Hernandez to ten years' imprisonment on Count 1, six months on Count 2 (concurrent to Count 1), and four years on Count 3 (consecutive to Counts 1 and 2). He received 6 days pre-incarceration credit.

¶10       Villa-Hernandez timely appealed. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(1).

## DISCUSSION

¶11       We review Villa-Hernandez's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Villa-Hernandez has advised this Court that after a diligent

search of the entire record, she has found no arguable questions of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none.

¶12 All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record reflects that counsel represented Villa-Hernandez at all critical stages of the proceedings, the sentences imposed were within the statutory guidelines, and Villa-Hernandez received appropriate pre-sentence incarceration credit.

¶13 The jury's verdict was supported by substantial evidence. For Count 1, Possession of Dangerous Drugs for Sale (Methamphetamine), the State was required to prove Villa-Hernandez knowingly possessed a dangerous drug for the purpose of sale. *See* A.R.S. §§ 13-3407(A)(2), -3401(6)(xxxviii). The evidence presented at trial showed officers found methamphetamine in Villa-Hernandez's home, next to two casino player's cards with his name, and in an amount inconsistent with personal use. The phone messages demonstrated he had conversations with several people asking to buy drugs from him.

¶14 For Count 2, Possession of Drug Paraphernalia (Methamphetamine), the State was required to prove Villa-Hernandez used, or possessed with intent to use, drug paraphernalia to "pack [or] repack" methamphetamine. *See* A.R.S. § 13-3415(A). The evidence presented at trial showed officers found items used to weigh and repackage methamphetamine into smaller sellable quantities in Villa-Hernandez's home, next to his casino player's cards.

¶15 For Count 3, Possession of Narcotic Drug for Sale, the State was required to prove that Villa-Hernandez knowingly possessed a narcotic drug for the purpose of sale. *See* A.R.S. § 13-3408(A)(2). The evidence presented at trial showed officers found hydrocodone in Villa-Hernandez's home, in a box only he could open, in a bag labeled "3.50 each[.]" The phone messages demonstrated he had conversations with several people asking to buy drugs from him.

¶16 We decline to order briefing and affirm Villa-Hernandez's convictions and sentences.

**CONCLUSION**

¶17 For the foregoing reasons, we affirm. Upon the filing of this decision, defense counsel shall inform Villa-Hernandez of the status of the appeal and of his options. Counsel has no further obligations unless, upon

review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Villa-Hernandez shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review. Ariz. R. Crim. P. 31.20(c), 31.21(b)(2)(A).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JR